## GUY *et al. v.* IDE *et al.*

On appeal taken by defendant immediately after judgment on default, on the ground of insufficiency of the affidavit of publication of summons, the Appellate Court will not disturb the judgment—the defendant having his remedy in the Courts below within six months after judgment.

In a foreclosure suit the plaintiff has no right to have a receiver of rents and profits of the mortgaged property appointed pending the litigation.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiffs filed their verified bill, to foreclose a mortgage made by one Lyman Mowry deceased, setting forth that the estate of Mowry is largely insolvent, and that the mortgaged premises are insufficient to pay the mortgage debt, and that Mowry had sold the land, subject to the mortgage to the defendant Ide, the other defendants being subsequent incumbrancers.   Service was made on Ide by publication, on affidavit that he had been diligently sought for at his residence, and was believed to be concealing himself to avoid service, and that a good cause of action existed against the defendant, to wit: the cause of action described in the complaint.   Shortly after filing the complaint, the plaintiffs obtained an *ex parte* order, appointing a receiver of the rents and profits of the mortgaged premises.   Default was entered against Ide, the other defendants appearing; and judgment and decree of foreclosure and sale was entered against Ide, August 23d, 1855.   On the 15th of September, Ide moved on affidavits, to set aside the order appointing a receiver, which motion was overruled.   Ide appealed from the final judgment and the order refusing to vacate the appointment of the receiver.

*Geo. F. & Wm. H. Sharp* for Appellant.

The affidavit on which the order of publication was granted is insufficient.   It should have shown in itself, and not by reference to the complaint, that a cause of action existed.   Pr. Act, § 30; McGilvery *v.* Morehead, 2 Cal., 607.

The affidavit of concealment made on information and belief, is insufficient.   4 Hill, 598; Smith *v.* Luce, 14 Wend., 237; Tallman *v.* Bigelow, 10 Wend., 420.

Both the legal estate and possession being in the defendant Ide, the order appointing a receiver must be vacated, because a mortgage out of possession is not entitled to rents and profits before foreclosure and sale. Code, §§ 235, 260.   The mortgagee has a lien upon, and not a title to the land.   Calkins *v.* Calkins, 3 Denio, 305; Jamestown Bridge Co. *v.* Peters, 5 Cal., 334; Guy *v.* Middleton, 5 Cal., 392; Gardner *v.* Heartt, 3 Denio, 232; 2 Barb. Ch. R., 119; 3 Barb. Sup. Court R., 305;

McIntyre v. Scott, 8 Johns., 159; 11 Johns., 534; 13 Wend., 485; 6 Hill, 143; Waters v. Stewart, 1 Caines Cas. in Err., 47.

The mortgagee could not maintain an action for rent, nor would payment to him be a defence to an action by the mortgagor against the tenant for the rent. McKircher v. Hawley, 16 Johns., 290; Sonder v. Van Sickle, 3 Halst., 313.

If a receiver could be appointed in this action, it could only be on notice. It is not even prayed for in the complaint. Devoe v. Ithaca and Oswego Railroad Co., 5 Paige Ch. R. 521; Cook v. Gwin, 3 Atk., 389; 7 Molley, 29; Code, § 147.

There was no pledge of the rents and profits. 5 Paige Ch. R. 38.

*Saunders & Hepburn* for Respondent.

1. The affidavit for obtaining the order of publication, sufficiently shows that a cause of action exists by referring to the complaint. The case of McGilvery v. Morehead refers to affidavits for *arrests*, with regard to which the requirements of the Code are different. That case adopts the reasoning in the case of Jennings v. Martin, 3 Burrows, 1447. Moreover, in this case it is not necessary that it should appear that there is a good cause of action against the defendant. It is enough that he is a *necessary party*. Code, § 30.

As to the affidavits of concealment, they are more than sufficient; but the defendant cannot raise the question here. He has his remedy in the Court below. He has appeared for the purpose of moving to set aside the appointment of a receiver, but has made no affidavit of merits, nor attempted to open his default. 4 Hill Rep., 601.

2. The appellant next contests the propriety of the order appointing a receiver. At law the mortgagee, before the passage of our Code, was the holder of the legal estate and could support ejectment, and as the owner of the reversion, was entitled to restrain against the tenant for rent. Moss v. Gillmore, 1 Doug. R., 282, 283.

By section 260 of our Code the legal estate remains in the mortgagor, and therefore the mortgagee cannot maintain ejectment. But the property is none the less pledged; and if the debt is due and the thing pledged be insufficient to pay the debt, and the debtor be irresponsible or insolvent, it is obviously against equity that the debtor, or those claiming under him, should be permitted to enjoy the rents and profits. In such a case the income as well as the principal belongs in equity to the mortgagee, and so it has always been held in New York under a law like our own, and from which ours has been borrowed. Lopsky v. Maujer, 3 Sand. Ch. R., 69. Though the statute has taken away the *legal* remedy, the right remains, and Courts of equity enforce it by injunction and receiver. Sea Ins. Co. v. Stebbins, 8 Paige Ch. R., 565; Shotwell v. Smith, 3 Edwards Ch. Rep., 589; Quincy v. Cheeseman, 4 Sandf. Ch. R., 405; Howell v. Ripley, 10 Paige Ch. R., 43; Bank of Ogdensburg v. Arnold, 5 Paige Ch. R., 38.

3. As to the objections that the receiver was appointed without notice, the answer is that it was shown by affidavit that he had fraudulently concealed himself. Sandford v. Sinclair, 8 Paige, 374, 375.

4. The appellant objects that the appointment of a receiver was not prayed for in the complaint. It contains a prayer for general relief, under which the plaintiff can take all the relief to which he is entitled *by the case pleaded.*

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Justice TERRY concurred.

The first point relied on is, that the affidavit of publication is not sufficient to have authorized the publication for the purpose of effecting service on the defendant. Under the circumstances of this case, we could not disturb the judgment on any such ground, even if there had been no affidavit whatever. Our Practice Act provides that where a defendant has not been personally served with the summons and a copy of the complaint, he may at any time within six months after judgment come in and answer to the merits of the action. This is a positive right which he cannot be deprived of, and which in this case the defendant should have pursued if he had any merits to be propounded. Where a remedy is so perfectly attainable in the Court of original jurisdiction, an appellate Court will not administer it for any cause that can be assigned.

Upon the next ground of error, the position of the appellant is correct. Our statute forbids a mortgagee from recovering the mortgaged estate, and confines his remedy to a foreclosure. The same reason does not therefore exist, as by the English rule, for appointing a receiver to collect the rents and profits pending the litigation. The mortgage is considered as only the security for the debt; the estate remains that of the mortgagor in the character of owner, and must continue to remain so, with all the incidents of ownership, until, by a foreclosure and sale, a new owner is substituted.

The order appointing a receiver is reversed, and the judgment affirmed at the respondent's costs.