[No. 8,018.—Department Two.]
Jan. 19, 1882.

## J. R. HOWARD v. J. W. GALLOWAY et al.

Judgment by Default—Affidavit of Service of Summons.—An affidavit of service of summons by a person other than the Sheriff, which fails to state that he was over eighteen years of age at *the time of service,* is insufficient to prove service or to sustain a judgment by default.

ID.—APPEAL—PRACTICE.—The defendant has a right to appeal from a judgment by default without moving to set aside the default or otherwise proceeding in the Court below.

ID.—ID.—ID.—CASES OVERRULED.—*Guy* v. *Ide*, 6 Cal. 99, and the cases following it were virtually overruled in *Halleck* v. *Jaudin*, 34 Id. 172.

APPEAL by defendant Annie B. Galloway, and Annie B. Galloway, executrix of J. W. Galloway, deceased, from a judgment for the plaintiff in the Superior Court of the City and County of San Francisco. HUNT, J.

*George Turner*, for Appellant.

. *P. B. Ladd*, for Respondent.

THORNTON, J.:

The judgment in this case against Annie B. Galloway, in her own proper person, and against her as executrix of Joseph Galloway, deceased, was by default. She (the only party appealing) makes the point that there is no proof of service of summons on her in either capacity, as above stated, and therefore the judgment was rendered without jurisdiction. On examination of the proof of service, it appears to be clearly defective. The service was not made by the Sheriff, and the affidavit does not state that the person making the service was over eighteen years of age at the time of service, as required by statute. (C. C. P., § 410.) On such proof, the Court below could not render a judgment by default. (*Maynard* v. *McCrellish*, 57 Cal. 355.) The defendant had a right, then, to appeal from such a judgment without moving to set aside the default, or other proceedings, in the Court below. (*Hallock* v. *Jaudin*, 34 Cal. 172.) We consider *Guy* v. *Ide*, 6 Cal. 99, and the cases following it, virtually overruled in *Hallock* v. *Jaudin*, above cited, where the question is fully discussed. The defendant had a right to appeal from the judgment, or to move in the Court below. Both remedies are given, and the defendant had a right to avail herself of either, and *probably* of both.

The judgment is erroneous as to the defendant above named. And as to her in both capacities in which she was sued, the judgment is reversed and the cause remanded.

MYRICK and SHARPSTEIN, JJ., concurred.