[Civ. No. 49270. Second Dist., Div. Four. Jan. 24, 1977.]

DANIEL CORNWALL, Plaintiff and Appellant, v.
SANTA MONICA DAIRY COMPANY, Defendant and Respondent.

## COUNSEL

Ron Minkin and Leonard C. Kohn for Plaintiff and Appellant.

Robert J. Feely and Allan S. Garber for Defendant and Respondent.

## OPINION

**DUNN, J.**—A complaint for personal injuries was filed 31 October 1972. Santa Monica Dairy Company, dba "Edgemar Farms," filed its answer to the complaint on 23 May 1973. On 20 August 1974 defendant filed interrogatories to plaintiff Cornwall,[1] having mailed them to Cornwall's attorney on 16 August 1974. On 1 October 1975, defendant moved for an order to compel answers to its interrogatories or for a dismissal. The motion was heard 20 October 1975. The court ordered that plaintiff answer the interrogatories within 30 days and found that Cornwall's failure to file same had been wilful, ordering Cornwall to pay $200 to the moving defendant for attorneys' fees, within such 30-day period. No answers were filed and, on 16 December 1975, defendant filed a motion to dismiss Cornwall's action. The motion was heard on 15 January 1976 and was granted, the court again finding that Cornwall acted wilfully.

This is an appeal by Cornwall from the order ("judgment," Code Civ. Proc., § 581d) dismissing his cause of action because of his failure to respond to the interrogatories served on him. (Code Civ. Proc., § 2034, subd. (d).)[2] ■ The order (judgment) is appealable. (Code Civ. Proc., § 904.1.)

■ Plaintiff contends the burden of proving abuse of the trial court's discretion has been met in that there was no showing that Cornwall acted wilfully. Defendant contends the burden of proof (Evid. Code, §§ 500,

---

[1]Although defendant's request to the clerk for additional papers to appear in the clerk's transcript included a request for interrogatories sent to Cornwall, the clerk's transcript furnished to us contained only interrogatories to his coplaintiff, Des Rosier, for which reason we sent for and examined the court file pursuant to rule 12(a), California Rules of Court.

[2]Code of Civil Procedure section 2034, subdivision (d) reads in part: "If a party . . . for whose immediate benefit the action or proceeding is prosecuted or defended . . . willfully fails to serve answers to interrogatories . . . the court on motion and notice may . . . dismiss the action or proceeding or any part thereof . . . and may order that party or his attorney to pay to the moving party the reasonable expenses in making such motion, including reasonable attorney's fees."

605) of nonwilfulness is on plaintiff. We agree. (*Frates* v. *Treder* (1967) 249 Cal.App.2d 199, 204 [57 Cal.Rptr. 383].)

■ Plaintiff filed the declaration of his attorney which states, in essence, that plaintiff, a Canadian, is now a resident of Hawaii and although his attorney wrote to him there the letter was returned to the attorney unclaimed. Thereafter, the attorney attempted, without success, by various means, to communicate with Cornwall.

Plaintiff argues that the interrogatories were not sent to him, personally, so that it cannot be said that he acted wilfully in not answering them. We disagree with plaintiff. If a plaintiff wishes to avail himself of the California courts, he owes a duty to comply with its rules, such as the rules of discovery. To hold otherwise, would permit a litigant to disappear and not be obliged to comply with our discovery statutes. The failure to respond to his attorney's letter may not have been wilful but a failure to keep his attorney posted on his whereabouts may, under the circumstances, be deemed "wilful." There is nothing in plaintiff's attorney's declaration which sheds any light on the point and, for all that defendant knew, plaintiff may have been deceased. While in the *Frates* (249 Cal.App.2d) case, the court emphasized that three years had passed between the service of interrogatories on plaintiff's counsel and the order of dismissal, we think that such passage of time is not here decisive.

The order (judgment) is affirmed.

Kingsley, Acting P. J., and Jefferson (Bernard), J., concurred.