Filed 11/6/14  Chaney v. Bond CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| LOREN CHANEY,<br><br>　　　　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>STEVEN BOND,<br><br>　　　　　　　Defendant and Respondent. | B248738<br><br>(Los Angeles County<br> Super. Ct. No. BC477167) |

APPEAL from the judgment of the Superior Court of Los Angeles County. David L. Minning, Judge.  Affirmed.

Loren Chaney, in pro. per., for Plaintiff and Appellant.

Wilson, Elser, Moskowitz, Edelman & Dicker, and Dean A. Rocco for Defendant and Respondent.

\* \* \* \* \* \* \* \* \* \*

Plaintiff and appellant Loren Chaney appeals from the trial court's dismissal of his action for failure to comply with discovery orders. Plaintiff has failed to designate an adequate record and has failed to affirmatively show reversible error. We therefore affirm.

## BACKGROUND

Plaintiff, who represented himself below, apparently filed this action alleging defendant Steven Bond defamed him at his place of work which ultimately resulted in plaintiff's wrongful termination. Some sort of discovery dispute arose. At a hearing on February 25, 2013, the court heard from defense counsel that plaintiff's further responses to discovery had been received late, and that plaintiff had not conferred about dates for his deposition as previously ordered by the court. Plaintiff apparently disputed defendant's contentions. The court ordered plaintiff's case dismissed "without prejudice for plaintiff's failure to comply with the court's discovery orders."

On May 14, 2013, plaintiff filed a notice of appeal which states, as relevant here, that plaintiff "hereby appeals from the February 25th 2013 order of the court in favor of defendant Steven Bond Written Notice of Ruling was served by mail on or about March 15th 2013. [¶] Plaintiff further appeals from the order and any and all orders subsumed in or render [*sic*] appealable by it."

Plaintiff gave notice that no reporter's transcript was available for the February 25, 2013 hearing (apparently the hearing was not transcribed), and that an appendix would be presented in lieu of a clerk's transcript. Plaintiff's appendix consists of only three documents: (1) a letter from plaintiff dated January 26, 2013, to defense counsel regarding deposition scheduling; (2) the court's February 25, 2013 minute order imposing terminating sanctions; and (3) the judgment of dismissal file-stamped March 15, 2013, and served by defendant.

Defendant's appendix consists of one document: plaintiff's notice of appeal filed on May 14, 2013.

In light of the de minimus record presented to this court, we are unable to provide any further summary of the material facts and procedure.

2

## DISCUSSION

**1. Appealability**

Defendant contends the appeal is from a nonappealable order (the February 25, 2013 minute order) and must therefore be dismissed.

A reviewing court has broad "discretion to entertain a premature appeal as long as a judgment was actually entered, there is no doubt concerning which ruling appellant seeks to have reviewed, and respondents were not misled to their prejudice." (*Boyer v. Jensen* (2005) 129 Cal.App.4th 62, 69 [premature appeal of order of dismissal construed broadly to encompass subsequent entry of judgment of dismissal]; *Los Altos Golf & Country Club v. County of Santa Clara* (2008) 165 Cal.App.4th 198, 202 ["Because a judgment of dismissal has actually been entered, we will liberally construe the appeal to have been taken from the judgment of dismissal."]; accord, *Groves v. Peterson* (2002) 100 Cal.App.4th 659, 666, fn. 2; see also Cal. Rules of Court, rule 8.100(a)(2) ["The notice of appeal must be liberally construed."].)

The February 25, 2013 minute order was nonappealable as it was an interlocutory discovery order and any appeal could only be taken from the final judgment in the action. (See *Cornwall v. Santa Monica Dairy Co.* (1977) 66 Cal.App.3d 250, 252 [order imposing terminating sanctions against a plaintiff and dismissing the action is appealable upon entry of the judgment of dismissal]; accord, *Nickell v. Matlock* (2012) 206 Cal.App.4th 934, 940.)

The judgment of dismissal, signed by the court, and filed March 15, 2013, is the appealable judgment in this action. (Code Civ. Proc., § 581d, § 904.1, subd. (a)(1).) Plaintiff's notice of appeal was timely filed within 60 days of the March 15, 2013 judgment of dismissal (Cal. Rules of Court, rule 8.104) and therefore was neither tardy, nor premature. The notice of appeal states it is an appeal from the nonappealable February 25, 2013 minute order. But the notice also refers to both the March 15, 2013 judgment and all appealable orders related to the February 25, 2013 minute order.

Despite the inartful wording, we find the notice of appeal, liberally construed, encompasses the March 15, 2013 judgment of dismissal. Moreover, there is nothing in

the record or the parties' briefs that suggests defendant was in any way misled or prejudiced as to the nature and substance of plaintiff's appeal. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 18-22 ["where ' "it is reasonably clear what appellant was trying to appeal from" ' and 'no prejudice would accrue to the respondent,' " a reviewing court should treat appeal from nonappealable order as arising from the subsequent judgment].)

Defendant also suggests that no appeal lies from the court's dismissal because the court's order imposing terminating sanctions was made "without prejudice." We also find this contention without merit.

The judgment of dismissal entered by the court for terminating sanctions due to plaintiff's misuse of the discovery process was a final judgment on the merits, even though the court stated the dismissal was without prejudice. "A dismissal for failure to obey a court's discovery orders has the effect of a judgment on the merits against a plaintiff. [Citation.] . . . '[The] persistent refusal of a party to make discovery results in a presumption, as a matter of law, that the asserted causes of action are without merit.' [Citation.]" (*Bernstein v. Allstate Insurance Co.* (1981) 119 Cal.App.3d 449, 451; accord, *Kahn v. Kahn* (1977) 68 Cal.App.3d 372, 387.)

## 2. Inadequate Brief and Record

As explained above, plaintiff presented only three documents from the trial court proceedings as the entirety of the record. The record presented, as well as plaintiff's brief, are wholly inadequate to enable any sort of meaningful appellate review.

We begin with the well-established foundational premise that " '[a] judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error *must be affirmatively shown*. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564, italics added.) Further, unless otherwise shown, "it is presumed that the court followed the law." (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563.)

4

As the appellant, it was plaintiff's *duty* to present an adequate record from which reversible error is demonstrated. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 628, p. 704; see also Cal. Rules of Court, rule 8.120.) Plaintiff also had the duty to provide citations in his brief to the designated record that identified and supported his claim of error, and to support his argument with legal authority. (Cal. Rules of Court, rule 8.204(a)(1)(C).) As a self-represented litigant, plaintiff is held to the same standard and "same restrictive rules of procedure" as an attorney. (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958.)

The law is well established that any appellate contention or claim of error that is not supported by an adequate record and with specific citations to that record in the appellant's brief is deemed forfeited. (See, e.g., *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [reviewing court may disregard contentions unsupported by citation to authorities or to the record]; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [same]; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 [same]; *Ojavan Investors, Inc. v. California Coastal Commission* (1997) 54 Cal.App.4th 373, 391 [same]; see also *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522 [" 'reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment' "].)

With the skeletal record before us, we are unable to assess whether the trial court committed any error in dismissing plaintiff's action, and plaintiff has forfeited any claim of error by failing to present and cite to a proper record.

## DISPOSITION

The judgment of dismissal is affirmed. Respondent is to recover his costs of appeal.

GRIMES, J.

We concur:

BIGELOW, P. J.                                    FLIER, J.

5