[No. B054232. Second Dist., Div. Five. May 29, 1992.]

EASTERN AVIATION GROUP, INC., Plaintiff and Appellant, v. AIRBORNE EXPRESS, INC., et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Hughes, Hubbard & Reed, John Kralik IV and Lois C. Moonitz for Plaintiff and Appellant.

D. Timothy Daze for Defendants and Respondents.

**OPINION**

**ASHBY, J.**—In this action for breach of contract and inducing breach of contract, plaintiff and appellant Eastern Aviation Group, Inc. (EAG, Inc.) appeals from a summary judgment in favor of defendants and respondents ABX Air, Inc. (ABX)[1] and Burbank Aeronautical Corporation II (BAC II).

The parties to this lawsuit are not the identical parties to the 1986 contract which underlies this case. The 1986 agreement was between Eastern Aviation Group Partnership (EAG Partnership) and Burbank Aeronautical Corporation (BAC I). Other litigation between the original parties is pending in the United States District Court for the Southern District of New York. In the instant case, plaintiff and appellant EAG, Inc., brings the action as the alleged assignee or successor in interest of EAG Partnership. Appellant sues defendant and respondent BAC II on the theory that BAC II was subsequently formed with the same stockholders, directors, officers and employees as BAC I, and received valuable technology from BAC I in which appellant had an interest. Defendant and respondent ABX was a customer of BAC I and is sued by appellant on a third party beneficiary theory.

BAC I was engaged in the development of noise reduction systems (hush kits) for DC-8-50/61 aircraft. BAC I needed additional funds to complete the development of and obtain federal certification for hush kits. EAG Partnership, a partnership consisting of John Catsimatidis and Robert Mansfield, was willing to invest in the enterprise. By memorandum of agreement dated

---

[1]According to its answer to the first amended complaint, defendant and respondent ABX Air, Inc. (ABX) was sued as Airborne Express, Inc.

December 5, 1986, Kenneth R. McGuire[2] and BAC I agreed with EAG Partnership that EAG Partnership would provide up to $2 million for the purpose of completing the development and qualification of hush kits, and EAG partnership would be entitled to 50 percent of the profits, if any, generated by hush kit sales.

Subsequently, BAC I entered a contract to sell hush kits to respondent ABX. In its first two causes of action, appellant EAG, Inc., sued respondent ABX for violation of a provision of the BAC I-ABX contract, on the theory that appellant EAG, Inc., is a third party beneficiary of the BAC I-ABX contract.

The other four causes of action of appellant's first amended complaint are against respondent BAC II. These causes of action are for inducing breach of contract, inducing breach of fiduciary duty, constructive trust, and conspiracy. The theory of these causes of action is that appellant acquired an ownership or security interest in BAC I's hush kit "technology." Allegedly, BAC II induced BAC I to transfer BAC I's technology to BAC II in violation of appellant's interests therein.

The trial court granted summary judgment in favor of respondents on all causes of action. We affirm the judgment in favor of ABX but reverse the judgment in favor of BAC II.

I

## CLAIM AGAINST ABX AS THIRD PARTY BENEFICIARY

A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) ■ The purpose of summary judgment is to penetrate evasive language and adept pleading and to ascertain, by means of affidavits, the presence or absence of triable issues of fact. A defendant is entitled to summary judgment if defendant conclusively negates a necessary element of the plaintiff's case and thus establishes as a matter of law that none of the plaintiff's asserted causes of action can prevail. (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].)

■ The trial court properly determined as a matter of law that appellant EAG, Inc., is not a third party beneficiary of the contract between BAC I and ABX.

---

[2]Kenneth R. McGuire was president of BAC I.

By contract dated June 5, 1987, BAC I agreed to sell and ABX agreed to buy four hush kits, with an option for an additional six. With additional provisions for down payments and progress payments, the contract provided that ABX shall pay the full purchase price to BAC I by the time of delivery.

Appellant EAG, Inc., contends it is a third party beneficiary of paragraph 3.5 of the BAC I-ABX contract, which provides in pertinent part: "All payments hereunder shall be in good U.S. funds and shall not be credited to the account of the Purchaser until such funds are cleared in the Designated Account, which shall be designated in writing jointly by BAC and Eastern Aviation Group, Inc. . . ."[3] Appellant's causes of action against ABX are based on allegations that ABX violated this provision by making some payments directly to BAC I, not to the jointly designated account of BAC I and EAG, Inc.; BAC I allegedly converted such payments to its own use. Appellant contends that appellant can sue ABX for such damages as a third party beneficiary of the BAC I-ABX contract.

Appellant was not a third party beneficiary of the BAC I-ABX contract. In order for a contract to be enforceable by a third party, the contract must be made expressly for the benefit of the third person. (Civ. Code, § 1559.) A third party who is only incidentally benefited by performance of a contract is not entitled to enforce it. (*Walters* v. *Marler* (1978) 83 Cal.App.3d 1, 31 [147 Cal.Rptr. 655].) " 'The fact that he is incidentally named in the contract, or that the contract, if carried out according to its terms, would inure to his benefit, is not sufficient to entitle him to demand its fulfillment. It must appear to have been the intention of *the parties* to secure to him personally the benefit of its provisions.' " (*Id.* at p. 33, italics in original internal quotation.) Whether the third party is an intended beneficiary or merely an incidental beneficiary involves construction of the intention of the parties, gathered from reading the contract as a whole in light of the circumstances under which it was entered. (*Ibid.*)

The contract here was simply a sales contract under which a purchaser agreed to pay the seller for goods delivered. When a purchaser meets its obligation to pay the seller, the purchaser normally is not concerned with the seller's disposition of the proceeds or with claims the creditors of the seller may have to those proceeds. (See *Steinberg* v. *Buchman* (1946) 73 Cal.App.2d 605, 608 [167 P.2d 207] [purchaser of real property not concerned with seller's instructions to escrow to pay seller's broker; purchaser made no promise to pay seller's broker].)

---

[3] Since this specific paragraph expressly names Eastern Aviation Group, Inc., we need not consider whether EAG Partnership assigned its interest to EAG, Inc.

■ Similarly, when a seller knows the buyer intends to resell the goods to a third party, this does not establish that the seller intends to benefit the third party. In *Corrugated Paper Products v. Longview Fibre Co.* (7th Cir. 1989) 868 F.2d 908, the owner of used machinery (seller) agreed to sell it to a dealer of used machinery (buyer). Seller knew that buyer had agreed to resell to a third party, and the contract between seller and buyer provided that the machinery would be shipped directly from seller to third party. Buyer then changed its mind about reselling to third party, and directed seller to deliver the equipment to a fourth party instead. Third party sued seller, claiming to be a third party beneficiary of the contract between seller and buyer.

The appellate court affirmed a summary judgment in favor of seller. The court held the fact that seller knew buyer intended to resell to third party was not sufficient to make third party an intended beneficiary of the agreement between seller and buyer. The court stated, "there is an important difference between *knowledge* that a certain outcome will occur, and an *intent* to bring about that result. In order to establish third-party beneficiary status, a plaintiff must show more than that the contracting parties acted against a backdrop of knowledge that the plaintiff would derive benefit from the agreement. The plaintiff must show that the benefit to plaintiff was a consequence which the parties affirmatively sought; in other words, the benefit to plaintiff must have been, to some extent, a motivating factor in the parties' decision to enter into the contract." (*Corrugated Paper Products v. Longview Fibre Co., supra,* 868 F.2d at p. 912, italics in original.) The court held there was no evidence that both seller and buyer intended to confer a benefit on third party. Seller did not intend to assume buyer's contractual obligations to resell to third party. The agreement to ship directly to a subsequent purchaser was a cost-saving accommodation to buyer; seller did not intend "to become entwined in contractual relations with a company with which it had no prior dealings." (*Ibid.*)

■ In this case, ABX's promise was to pay *BAC I,* which it did; the provision directing payments to a particular account was to accommodate BAC I. This is not a case where ABX promised to pay BAC I's creditors in order to obtain BAC I's performance. (See Rest.2d Contracts, § 302, com. b, illus. 3.)[4]

---

[4] "3. B promises A to pay whatever debts A may incur in a certain undertaking. A incurs in the undertaking debts to C, D and E. If the promise is interpreted as a promise that B will pay C, D and E, they are intended beneficiaries under Subsection (1)(a); if the money is to be paid to A in order that he may be provided with money to pay C, D and E, they are at most incidental beneficiaries."

## II

## CLAIM AGAINST BAC II FOR INDUCING TRANSFER OF TECHNOLOGY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III

### DISPOSITION

The judgment in favor of defendant and respondent ABX is affirmed. The judgment in favor of defendant and respondent BAC II is reversed. Because both respondents have been jointly represented throughout these proceedings, there is no practical way to apportion costs on appeal, therefore the parties are to bear their own costs on appeal.

Turner, P. J., and Boren, J., concurred.

A petition for a rehearing was denied June 18, 1992.

---

*See footnote, *ante*, page 1448.