[No. B015275. Second Dist., Div. Four. Jan. 9, 1986.]

ANGIE WORKMAN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
GREAT AMERICAN INSURANCE COMPANY, Real Party in Interest.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion has been certified for publication as to issues I and II only.

**COUNSEL**

David D. Stitz for Petitioner.

No appearance for Respondent.

Wasserman, Comden & Casselman and Kevin H. Park for Real Party in Interest.

**OPINION**

**WOODS, P. J.**—By petition for mandate, an insured claimant in nonjudicial arbitration proceedings against her insurer seeks to compel the respondent court to vacate its order relieving the carrier from its default in failing to timely serve responses to claimant's requests for admissions.

The petition presents important questions concerning section 2033, subdivision (a) of the Code of Civil Procedure and its application to nonjudicial arbitrations of uninsured motorist claims.

I

When and upon whom may a claimant in nonjudicial arbitration serve requests for admissions?

## II

Is the 30-day period for seeking relief from default, specified in section 2033, jurisdictional or is a void request for admissions subject to attack at any time?

## III*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The facts are simple and not in dispute. Petitioner was injured in an automobile accident in May 1983. She retained counsel and filed civil action against the other motorist but later discovered the defendant to be uninsured. Petitioner's counsel contacted her insurance carrier concerning uninsured motorist coverage, and the claims adjuster forwarded a claim form. After presenting a claim and corresponding with Great American Insurance Company (GAIC) and its assigned claims adjuster, Mary McNulty, petitioner's claim for policy limits of $100,000 was rejected. McNulty advised petitioner's counsel that an American Arbitration Association (AAA) form entitled "Demand for Arbitration" should be used to initiate arbitration.

Petitioner's insurance policy provided that uninsured motorist claims are subject to binding arbitration before the AAA and are subject to the rules promulgated by that association. The policy provisions relating to demands for arbitration specifies only that such demands be "written."

On September 10, 1984, petitioner served a demand for arbitration upon her carrier and the AAA. She mailed the demand to GAIC, to the attention of the claims adjuster who had processed the original claim, certified—return receipt requested—as follows: "Great American Insurance Company, Attention: Mary Ann McNulty, 200 So. Manchester, # 700, Orange, Calif. 92663." The returned receipt was signed by the designated claims adjuster.

On October 6, 1984, the AAA acknowledge receipt of the demand to petitioner and GAIC. On October 16, 1984, petitioner mailed a set of requests for admissions to GAIC at the same address, certified—return receipt requested. Petitioner's counsel had asked the claims adjuster where he should mail requests for admissions. She told him to mail requests to her. The same adjuster again signed the post office's acknowledgement of receipt. These requests wholly failed to set forth the admonishment required by section 2033 as to the consequence of failure to timely respond.

---

*See footnote, *ante,* page 493.

On November 30, 1984, the AAA assigned a March 14, 1985, arbitration hearing date to the claim.

No response to the requests was timely served on petitioner.

On December 10, 1984, petitioner mailed to the same address a notice that the requests are deemed admitted, certified—return receipt requested. Service was again acknowledged by the claims adjuster's signature on the post office's return receipt.

On January 3, 1985, petitioner served GAIC, by certified mail—return receipt requested—with a second set of requests for admissions and interrogatories. This set was structured as follows: (1) an initial general request for admissions and answers to interrogatories within 30 days; (2) two short introductory paragraphs defining "accident" and "other vehicle"; (3) date and attorney's signature (middle of page 2); (4) (at the top of page 3) eight numbered requests for admissions; (5) the section 2033 warning, date and attorney's signature (bottom of page 3); (6) introductory text concerning written interrogatories; and (7) eight numbered interrogatories followed by the date and attorney's signature.

Service was acknowledged by the signature of the same GAIC claims adjuster.

No response to these requests was timely received and on February 9, 1985, petitioner sent a "deemed admitted" notice to GAIC at the same address by certified mail. Service of the notice by GAIC on February 11 was acknowledged by the same claims adjuster in the same manner as the prior mailings.

Sometime in March 1985, GAIC "selected" a law firm to represent it at the arbitration hearing. The firm discovered the requests and the notice in the case file.

On April 20, 1985, approximately 66 days after service of the last "deemed admitted" notice, GAIC filed its application for relief from default in responding to the two sets of requests for admissions. The application contended that: (1) service was ineffective because it was not upon an agent designated by GAIC for receipt of service of summons but was merely a claims adjuster who had handled the claim; (2) the requests were prematurely served because they preceded any service of summons or a formal appearance by GAIC in the arbitration or any court action; and (3) the

requests were fatally defective because the first contained no section 2033 warning and the second placed the warning in the wrong place. GAIC predicated respondent's jurisdiction to entertain challenges upon the claim that the trial court has inherent equitable power to grant relief from default irrespective of the 30-day limitation period stated in subdivision (a) of section 2033.

On May 24 respondent granted the motion for relief, stating that ". . . neither 1st or 2nd Request for Admission were properly served on Great American Insurance Co." because "service on the claims adjuster is insufficient." Respondent concluded that service should have been upon an agent designated by GAIC to receive service of process.

## I

Respondent's ruling that service of the request for admissions was ineffective because it was mailed to GAIC "to the attention of" the claims adjuster assigned to the case rather than to an officer of, or an agent designated to accept service of process for, the corporate insurer is erroneous for two reasons. First, it incorrectly assumes that section 416.10 of the Code of Civil Procedure (controlling service of summons in civil actions) controls the underlying nonjudicial arbitration proceedings and requires service upon specific employees or agents of the corporate insurer. Second, it incorrectly assumes that section 416.10 controls service of discovery papers and notices.

Nonjudicial arbitration proceedings are generally regulated by the procedural rules established by the arbitration agency. Accordingly, such nonjudicial proceedings are not necessarily controlled by the Code of Civil Procedure unless expressly provided by that code (§ 1280 et seq.), by the arbitration rules, or by the insurance policy or pertinent provisions of the Insurance Code regulating such nonjudicial arbitration.

Section 11580.2 of the California Insurance Code provides that all automobile insurance policies in California shall provide uninsured motorist bodily-injury coverage for the insured. Subdivision (f) thereof provides that all disputes between insured and insurer as to the existence and amount of coverage shall be resolved by binding arbitration. It further provides: "The provisions of Article 3 (commencing with Section 2016) of Chapter 3 of Title 3 of Part 4 . . . shall be applicable to these determinations, and all rights, remedies, obligations, liabilities and procedures set forth in Article 3 shall be available to both the insured and the insurer at any time after the accident, both before and after commencement of arbitration, if any, with the following limitations:

"..........................

"(6) Interrogatories under the provisions of Section 2033 . . . and requests for admission under Section 2033 . . . may be served by either the insured or the insurer upon the other at any time more than 20 days after the accident without leave of court."[1]

Thus, subdivision (d) of section 2033 of the Code of Civil Procedure squarely controls and validates the service of the subject request for admissions. It provides: "Service upon a party of any request for admission or response under this section may be made upon any party or the party's attorney *in the manner provided in* Chapter 5 (commencing with Section 1010) of Title 14 of Part 2." (Italics added.)

Chapter 5 of the Code of Civil Procedure, entitled "Notices, Filing and Service of Papers," controls service requirements for papers and notices such as discovery requests and expressly excludes application to "service of a summons or other process, or of any paper to bring a party into contempt."

Specifically, section 1012, contained within chapter 5, provides that papers may be served by mail where the person to be served has an office or residence where mail is delivered. It does not require such service to be addressed to any formally designated agent or an officer of the corporate party.

No provision of chapter 5 suggests any parallel to the requirement of section 416.10 of the Code of Civil Procedure. Section 416.10 alone requires service of summons and complaint upon a corporation to be made personally upon the "person designated as agent for service of process" as a matter of public record or the president or other officer of the corporation "or a person authorized by the corporation to receive service of process."

A valid procedure for effective service of the request for admissions was thus by certified mail—return receipt requested—addressed to the party to the nonjudicial arbitration, GAIC. Petitioner's service was addressed to GAIC at its offices at "200 So. Manchester, # 700, Orange, Calif." to the attention of GAIC's claims adjuster handling the file. The fact that the service address directed the service to the attention of a particular employee in the corporation's offices served does not transform the mailing into an

---

[1] This is consistent with section 1283.05 of the Code of Civil Procedure which also provides that discovery in nonjudicial arbitration is subject to the provisions of the code governing discovery in civil actions.

ineffective attempted substituted service of process. It merely serves to increase the likelihood that the mailed document would be promptly acted upon when received by GAIC, the party to the arbitration.

The arbitration procedures promulgated by the AAA provide that an insurer is a party to the proceeding when designated in a demand for arbitration and need not file anything prior to the assigned hearing date. Subdivision (f) of section 11580.2 of the Insurance Code provides parties with the right to serve requests for admissions at any time during, and even prior to commencement of, arbitration. ■ Accordingly, there is no requirement that in such arbitration the insurer have in some manner entered a formal appearance before discovery may be served upon it in the manner provided by Insurance Code section 11580.2, subdivision (f), and section 2033, subdivision (d) of the Code of Civil Procedure.

■ Neither do the rules promulgated by the AAA in any manner suggest the applicability of section 416.10 of the Code of Civil Procedure with regard to service of the demand for arbitration or of discovery papers. GAIC's standardized policy specifies that uninsured motorist coverage disputes shall be determined by arbitration. GAIC's claims adjuster advised petitioner's counsel that the AAA was the arbitrator used by GAIC. The association's "Accident Claims Arbitration Rules" (as amended effective January 1, 1984) provide, in pertinent part, in Rule 4 that: "[A]rbitration may be initiated by filing a written Demand for Arbitration. The Demand shall be served by U.S. certified mail—return receipt requested. When filed by an insured, it shall be directed to the claims office of the insurer under whose policy arbitration is sought, at the office where the claim has been discussed or the office of the insurer closest to the residence of the insured.

". . . . . . . . . . . . . . . . . . . . . . .

"Three copies of the above Demand must be filed with an AAA regional office at the same time. . . .

"The AAA will acknowledge receipt of the Demand to all parties [the insured and the insurer]. The insurer(s) shall have thirty calendar days within which to affirmatively deny coverage or to raise an issue as to applicable policy limits. If no such procedure is initiated, it will be assumed that there is no objection to arbitration and that the claim is denied."

Moreover, the AAA "Accident Claims Rules—Demand for Arbitration" form itself instructs insured claimants to "send" the demand to the insurer's claims office where the claim has been discussed or the office closest to the

insured's residence. The form also requests identification of the "person with whom claim was discussed."[2]

In view of the specific provisions in the AAA "Accident Claims Arbitration Rules" for initiation of arbitration, it must be concluded that the general adoptive statement in the GAIC policy,[3] strictly construed against its drafter—GAIC, does not require an insured to comply with section 416.10 of the Code of Civil Procedure to initiate AAA arbitration.[4]

## II

■ Having determined that the subject request for admissions was effectively served, we point out that in any event, respondent had no jurisdiction by reason of any inherent equitable power to entertain or to grant any affirmative relief upon the untimely motion of GAIC for relief from default.

It is undisputed that GAIC's motion for relief from default was filed approximately 66 days after service upon it of the section 2033 notice that the requests were deemed admitted.

GAIC contends that language in *Billings* v. *Edwards* (1981) 120 Cal.App.3d 238, 245 [174 Cal.Rptr. 722], and *Barnett* v. *American-Cal Medical Services* (1984) 156 Cal.App.3d 260, 265-266 [202 Cal.Rptr. 735], demonstrates that respondent trial court has an inherent equity power to

---

[2]This is consistent with Code of Civil Procedure sections 11 and 1282.2, subdivisions (a)(1) and (a)(2), which provide for service by certified mail.

[3]The subject insurance policy issued by GAIC does contain a provision that: "Unless both parties agree otherwise, arbitration will take place in the county in which the covered person lives. *Local rules of law as to procedure and evidence will apply.*" (Italics added.)

The parties have not cited nor can we discover any other provision of the policy explaining the intent of this statement. The provision of the insurance policy directly referring to demands for arbitration requires only that such demand be "in writing." Neither does the AAA "Demand for Arbitration" form provided to petitioner by GAIC make any reference to service under Code of Civil Procedure section 416.10 upon corporate insurers.

However, as pointed out above, due to the explicit provisions of the AAA rules even if it is assumed that "local law as to procedure and evidence" is intended by GAIC to include arbitration demand and discovery procedure, section 416.10 of the Code of Civil Procedure would control neither service of a demand for arbitration nor service of discovery papers.

[4]Further undermining respondent's ruling is its misconception of the case law invalidating substituted service of process upon an attorney who falsely claims authority to accept service of process for a party. These cases involve situations where there has been an evidentiary showing that the attorney lacked authorization to accept service of process for the party. Absent from the present record is any affirmative declaration by GAIC or the claims adjuster that she lacked authorization to deal with the claim and accept service of the discovery requests.

hear its motion even though it was filed beyond the 30-day limitation period specified in absolute terms in section 2033, subdivision (a).[5]

This contention is wholly without merit. Review of *Billings* and *Barnett* demonstrates that each unequivocally held that such inherent equity power to entertain untimely motions for relief from default is strictly limited to circumstances where the defaulting party demonstrates that extrinsic fraud or mistake prevented timely compliance. The underlying motion of GAIC is devoid of any such claim or any facts that could possibly support such a claim.

Accordingly, respondent's express reliance upon its "equitable power" conferring jurisdiction beyond the section 2033 30-day period was unfounded. Respondent was without jurisdiction to consider the untimely motion.

It should be pointed out that while the motion for relief from default may not be granted, this does not necessarily mean that requests that have been "deemed admitted" for lack of a timely response are always immune to attack when a party seeks to rely upon the "admitted" facts to obtain summary judgment or avoid adjudication of the fact issues at trial. Section 2033 proscribes only untimely motions for relief from default. It does not validate requests for admissions that are otherwise void or unenforceable.

III*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

Let a peremptory writ of mandate issue directing respondent to vacate its order of May 24, 1985, which granted the motion of Great American Insurance Company for relief from default in responding to requests for admissions, and to make a new and different order denying that motion.

McClosky, J., and Arguelles, J., concurred.

Petitioner's application for review by the Supreme Court was denied April 24, 1986.

---

[5]Section 2033, subdivision (a), in pertinent part provides: "Once the notice [that the requests are deemed admitted for lack of timely response] is served, the party upon whom the notice is served shall not have the right to apply for relief under the provisions of Section 473 unless a motion requesting relief is served and filed within 30 days after service of the notice."

*See footnote, *ante,* page 493.