Filed 3/27/24  Ourfali v. 21st Century Ins. Co. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| GHOUGAS OURFALI, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> 21ST CENTURY INSURANCE COMPANY, <br><br> Defendant and Respondent. | B324150 <br><br> (Los Angeles County Super. Ct. No. 21GDCP00151) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Colin P. Leis, Judge.  Affirmed.

Robert Alan Sheinbein for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Tracy D. Forbath, Charles L. Harris and Eric R. Hagle for Defendant and Respondent.

After he suffered injuries from an automobile accident with an uninsured motorist, appellant Ghougas Ourfali sought to recover his damages through arbitration with his insurer, respondent 21st Century Insurance Company. The arbitrator awarded appellant his damages and also granted his motion for costs of proof pursuant to Code of Civil Procedure section 2033.420[1] based on respondent's failure to admit certain requests for admission.

The trial court affirmed the arbitration award in favor of appellant, but denied his petition to affirm the award of his costs of proof. Instead, the court granted respondent's petition to vacate the award of costs of proof, finding that the arbitrator exceeded his jurisdiction based on the language of the arbitration clause in appellant's insurance policy. On appeal, appellant contends that the arbitrator was empowered to decide discovery disputes under the relevant statutory framework and the language of the parties' agreement. We disagree and affirm.

## FACTUAL AND PROCEDURAL HISTORY

### I. Appellant's Accident and Demand for Arbitration

On July 1, 2020, appellant was in an automobile accident with an uninsured motorist. At the time, he was insured under a policy issued by respondent, which included uninsured motorist coverage. Appellant's insurance policy contained an arbitration provision, providing that "If *we* and a *person* insured do not agree as to whether he or she is legally entitled to recover damages from an Uninsured Motorist or the amount of such damages, then upon written demand of either, the disagreement shall be submitted to a single neutral Arbitrator for decision, in

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

accordance with the law of California. All other issues between *us* and any *person* insured, including the existence or limits of coverage, may not be decided by the Arbitrator, but must be decided by a Court of competent jurisdiction." (Emphasis in original.)

Appellant claimed that he sustained bodily injury, loss of earnings, medical expenses, and other damages from the accident. He tendered a claim for his damages to respondent, but respondent refused to settle. Appellant therefore sent respondent a demand for arbitration pursuant to the arbitration provision in the insurance policy and Insurance Code section 11580.2.

Appellant filed a petition for order compelling arbitration in the trial court in April 2021. The court granted the petition and ordered the parties to arbitration. After the parties agreed upon an arbitrator, the arbitration commenced on February 3, 2022.

## II. Arbitration Decision and Award of Costs

In March 2022, the arbitrator issued a written decision, awarding appellant $88,011.26 in damages for medical expenses and pain and suffering.

Appellant subsequently brought a motion before the arbitrator for costs of proof expenses and attorney fees pursuant to section 2033.420 (the fee motion). He contended that during discovery, respondent "failed or refused to admit" several requests for admission related to the cause of appellant's injuries and whether the medical expenses he incurred were reasonable and necessary. Appellant argued that respondent's failure to admit these requests required additional discovery, including taking appellant's deposition and retaining expert witnesses. Therefore, he sought $45,189.50 in expenses and attorney fees

3

incurred as costs of proof for the requests for admissions respondent failed to admit.  Respondent opposed the motion arguing, as relevant here, that a decision regarding entitlement to attorney fees and costs under the discovery statutes was outside the scope of the parties' arbitration agreement and therefore such an award would be in excess of the arbitrator's powers.

The arbitrator conducted a hearing on appellant's fee motion on April 25, 2022.  In a written decision issued May 4, 2022, the arbitrator partially granted the fee motion.  The arbitrator acknowledged that the "ruling could go either way" and that the policy language was "somewhat ambiguous." Ultimately, the arbitrator found that the insurance policy "did not preclude this type of motion and indicated California law should apply," and therefore concluded that appellant's costs of proof were properly awarded pursuant to Insurance Code section 11580.2, subdivision (f)(6).  The arbitrator awarded appellant $34,789.50 in attorney fees and expenses.

## III.  Petition to Vacate

On May 27, 2022, appellant filed a petition with the superior court to confirm the arbitration award and the fee award and for entry of judgment.  The same day, respondent filed a petition to vacate the fee award.[2]  It sought to vacate the fee award on the ground that the arbitrator exceeded his powers by deciding a discovery dispute, which was outside the scope of the parties' arbitration agreement.

---

[2]     Respondent subsequently filed an opposition to appellant's petition to confirm the awards, raising the same arguments as in its petition to vacate.

4

Appellant opposed the petition to vacate. He argued that the policy language did not preclude the arbitrator's award of costs of proof and that the discovery statutes applied to uninsured motorist arbitrations.

At the July 12, 2022 hearing on the petitions, the court asked appellant's counsel to address the scope of the contractual arbitration provision. Appellant's counsel responded that the policy language granting the arbitrator authority to determine liability and amount of damages encompassed rulings on related discovery issues, such as the cost of proof award at issue here. Appellant also contended that the contrary holding in *Miranda v. 21st Century Ins. Co.* (2004) 117 Cal.App.4th 913 (*Miranda*) was dicta. The court took the matter under submission.

The court issued a written order affirming the arbitration award of $88,011.26 in favor of appellant. However, the court vacated the fee award, finding that the arbitrator exceeded his authority in awarding costs of proof. Relying on *Miranda, supra,* 117 Cal.App.4th at p. 926, the court found that it had "exclusive jurisdiction to hear discovery matters arising under uninsured motorist arbitrations." The court further found that the language of the policy similarly limited the scope of the arbitration to "only whether Petitioner 'is legally entitled to recover damages' and 'the amount of such damages.'" The court entered judgment confirming the arbitration award on September 29, 2022.

Appellant timely appealed.

## DISCUSSION

Appellant argues that arbitrator had the authority to grant his motion for costs of proof and the trial court therefore erred in concluding to the contrary. We conclude, as the trial court did,

5

that the arbitrator exceeded the scope of his authority under the parties' arbitration agreement and relevant case law.

## I.     Applicable Legal Principles

### A.     *Uninsured Motorist Arbitrations*

Insurance Code section 11580.2 governs uninsured and underinsured motorist coverage.[3]  Subdivision (a) requires all automobile insurance policies in California, which cover bodily injury liability, to include insurance for amounts the insured is "legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle."

The requirement for arbitration of uninsured motorist claims is contained in subdivision (f), which provides in pertinent part, "the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration." (Ins. Code, § 11580.2, subd. (f).)  Thus, the statute requires arbitration of two issues only: (1) whether the insured is entitled to recover against the uninsured motorist and (2) if so, the amount of damages.  "In this context, the term 'damages' refers to the amount of damages the insured is entitled to recover from the underinsured motorist; 'it does not include determination of the extent of coverage and the amount of money the insurance company is obligated to pay the insured.'" (*Weinberg v. Safeco Ins. Co. of America* (2004) 114 Cal.App.4th 1075, 1082 (*Weinberg*), italics omitted, disapproved on another ground in *Barnett v. First National Ins. Co. of America* (2010) 184

---

[3]     We use these terms interchangeably for the purposes of this appeal.

6

Cal.App.4th 1454; see also *Storm v. Standard Fire Insurance Company* (2020) 52 Cal.App.5th 636, 643 (*Storm*) ["absent language in the insurance agreement expanding the issues to be arbitrated [citation], underinsured motorist arbitrations contemplate only two issues"].) "While the parties voluntarily may submit to arbitration issues other than those required by statute and the policy, 'the courts will not infer a voluntary submission of a nonstatutory issue in the absence of a clear showing that the parties so intended, either by actual litigation or argument of the issue . . . or by some other unambiguous conduct.'" (*Weinberg*, *supra*, 114 Cal.App.4th at p. 1082, quoting *Furlough v. Transamerica Ins. Co.* (1988) 203 Cal.App.3d 40, 45–46.)

Insurance Code section 11580.2 also adopts the entire Civil Discovery Act. "Title 4 (commencing with Section 2016.010) of Part 4 of the Code of Civil Procedure shall be applicable to these determinations, and all rights, remedies, obligations, liabilities and procedures set forth in Title 4 (commencing with Section 2016.010) of Part 4 of the Code of Civil Procedure shall be available to both the insured and the insurer at any time after the accident, both before and after the commencement of arbitration, if any," subject to certain enumerated limitations. (Ins. Code, § 11580.2, subd. (f).)

## B.    *Standard of Review*

A court's review of an arbitration award is expressly limited to the statutory grounds for vacating an award under section 1286.2 or correcting an award under section 1286.6. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 33.)  Here, the trial court vacated the fee award pursuant to section 1286.2, subdivision (a)(4), which provides that the trial court shall vacate

the award if it determines that "[t]he arbitrator[ ] exceeded [his] powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." As relevant here, an arbitrator exceeds his powers when he acts in a manner not authorized by contract or by law. (*Jordan v. Department of Motor Vehicles* (2002) 100 Cal.App.4th 431, 443.)

On appeal from an order vacating an arbitration award, we review the trial court's order under a de novo standard. (*Malek v. Blue Cross of California* (2004) 121 Cal.App.4th 44, 55; *Haworth v. Superior Court* (2010) 50 Cal.4th 372, 383 [de novo standard applies to claim that arbitrator exceeded his or her powers].) We give substantial deference to the arbitrator's own assessment of the contractual scope of his powers. (See *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 372.)

## II.    Analysis

We first turn to appellant's contention that the language of the arbitration agreement allowed appellant to bring his motion for costs of proof before the arbitrator. Notably, the language of the agreement tracked the limited scope of arbitrable issues set out in Insurance Code section 11580.2, subdivision (f)—the agreement expressly stated that disagreements regarding whether the insured "is legally entitled to recover damages from an Uninsured Motorist or the amount of such damages" were subject to arbitration. On the other hand, "[a]ll other issues between [insurer] and . . . insured, including the existence or limits of coverage, may not be decided by the Arbitrator, but must be decided by a Court of competent jurisdiction."

We interpret the policy based on well-established rules of contract interpretation, giving effect to the "mutual intention" of the parties at the time the contract was formed. (Civ. Code,

8

§ 1636.) "Such intent is to be inferred, if possible, solely from the written provisions of the contract. (*Id.*, § 1639.) The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' (*id.*, § 1644), controls judicial interpretation. (*Id.*, § 1638.)'" (*Ameron Internat. Corp. v. Insurance Co. of State of Pennsylvania* (2010) 50 Cal.4th 1370, 1378.) Here, the contract expressly limits arbitration to two specific issues: whether appellant is entitled to recover damages from the uninsured motorist, and the amount of those damages. We will not read into the contract a term about which it is silent, such as an intent for the arbitrator to handle discovery disputes. (See *The Ratcliff Architects v. Vanir Construction Management, Inc.* (2001) 88 Cal.App.4th 595, 602; Civ. Code, § 1641 ["The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."].)

A different panel of this court reached the same conclusion under similar circumstances in *Storm, supra,* 52 Cal.App.5th 636. There, the plaintiff in an underinsured motorist arbitration sought an award before the trial court of arbitration costs under section 998 and post-arbitration costs under section 1293.2. (*Id.* at p. 640.) As relevant here, the appellate court rejected the insurer's argument that the plaintiff was required to seek costs from the arbitrator in the first instance. The court found that the language of the insurance policy "strictly limited the decisional authority of the arbitrator to two issues—Storm's entitlement to damages, and the amount thereof. It did not give the arbitrator the power to award costs." (*Ibid.*) Thus, the plaintiff was "not required to request those costs from the arbitrator, and the

9

proper forum to hear her request is the trial court that confirmed the arbitration award." (*Id.* at p. 648.) The court distinguished *Heimlich v. Shivji* (2019) 7 Cal.5th 350, 358, in which the "broad" agreement committed "the parties to arbitrate 'all disputes or claims of any nature whatsoever,'" and therefore meant that the plaintiff was required to request costs from the arbitrator. (See *Storm*, *supra*, 52 Cal.App.5th at p. 647; see also *Weinberg, supra,* 114 Cal.App.4th at p. 1082 [when insurance agreement restates Insurance Code section 11580.2's statutory language, "'arbitration is limited to issues relating to liability of the uninsured motorist to the insured'"].)

Appellant points to the language in the agreement that the parties' issues shall be submitted to an arbitrator "in accordance with the law of California." He contends that this clause defined the scope of the arbitrator's powers broadly under California law and therefore gave the arbitrator "the authority to address and redress all discovery matters" related to the arbitration. We reject this interpretation as inconsistent with the arbitration provision as a whole and the rules of contract interpretation.

"'The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.'" (Civ. Code, § 1641.) Thus, we must "'interpret contractual language in a manner which gives force and effect to every provision,' and avoid constructions which would render any of its provisions or words 'surplusage.' Put simply, '[a] contract term should not be construed to render some of its provisions meaningless or irrelevant.'" (*In re Marriage of Nassimi* (2016) 3 Cal.App.5th 667, 688; see also Civ. Code, §§ 1641, 1643; *Safeco Ins. Co. v. Robert S.* (2001) 26 Cal.4th 758, 765 ["When reasonably practical, contracts are to be interpreted

10

in a manner that makes them reasonable and capable of being carried into effect, and that is consistent with the parties' intent."].) Under appellant's construction, the phrase invoking California law would substantially broaden the scope of the arbitrator's authority, failing to give effect to every part of the contract and rendering meaningless the provisions limiting the scope of the arbitration in accordance with Insurance Code section 11580.2. We decline to read the contract in this manner. Although generally we defer to the arbitrator's interpretation of the contract language regarding the scope of his powers, we note that the arbitrator found the policy language "somewhat ambiguous" and assessed that his determination "could go either way." Given that the arbitrator did not provide a clear assessment of the contractual language and in light of the express policy language mirroring the statutory scope of authority set forth in Insurance Code section 11580.2, we conclude that the trial court did not err in vacating the arbitrator's determination.

Further, we are not persuaded by appellant's argument that limiting the arbitrator's powers to the narrow scope expressly set forth in the agreement would violate public policy. Appellant contends that interpreting the contract to preclude the arbitrator from determining discovery matters would deny him his right to recover costs of proof and therefore circumvent the "substantive law of this State." By interpreting the parties' agreement to limit the scope of the arbitrator's powers, we do not foreclose appellant's ability to seek costs of proof. However, he must seek them before the trial court.

Our conclusion that the trial court was the appropriate forum for appellant's motion for costs of proof is further

11

supported by our sister court's decision in *Miranda, supra,* 117 Cal.App.4th 913. In *Miranda*, the plaintiff demanded arbitration of her underinsured motorist claim against her insurer. (*Id.* at p. 917.) The insurer commenced discovery, but Miranda refused to comply with the discovery demands and subsequent court orders, contending that the court lacked jurisdiction over her. The court granted the insurer's motion for terminating sanctions. (*Id.* at pp. 918-919.)

On appeal, Miranda argued that the court lacked subject matter jurisdiction to enter discovery orders and to dismiss the arbitration; instead, she asserted that only the arbitrator had power to rule on "arbitration-related discovery." (*Miranda, supra,* at p. 920.) The appellate court analyzed Insurance Code section 11580.2 and its interplay with the general law governing contractual arbitrations. In particular, the court noted differences between the general laws for discovery in contractual arbitrations and the specific provisions of Insurance Code section 11580.2 governing uninsured motorist claims, including that in the latter, discovery may be commenced before and after the commencement of arbitration. (*Id.* at p. 923, comparing § 1283.05, subd. (a) with Ins. Code, § 11580.2, subd. (f).) The court also noted that "in contractual arbitrations, the arbitrator has the power to 'enforce the rights, remedies, procedures, duties, liabilities, and obligations of discovery'" (*ibid.*, quoting § 1283.05, subd. (b)), while in uninsured motorist arbitrations, the statute provided that "all rights, remedies, obligations, liabilities and procedures set forth in [Title 4 of the Civil Discovery Act] shall be available to both the insured and the insurer. . . . [¶] [W]henever . . . provision is made for application to the court or obtaining leave of court or approval by the court, the court that shall have

12

jurisdiction for the purposes of this section shall be the superior court of the State of California." (*Ibid.*, quoting Ins. Code, § 11580.2, subd. (f)(1).)

The *Miranda* court concluded that it could "harmonize these conflicting provisions by reading the discovery provisions governing uninsured motorist arbitrations as an exception to the discovery provisions governing contractual arbitrations generally." (*Miranda, supra,* 117 Cal.App.4th at p. 924.) As such, the court held that the trial court "had the power to rule on the discovery dispute. And because we conclude the Legislature could not have intended the arbitrator and the court to possess concurrent power, the uninsured motorist law grants the superior court the exclusive jurisdiction to hear discovery matters arising under uninsured motorist arbitrations." (*Id.* at p. 926; see also *Menchaca v. Farmers Insurance Exchange* (1976) 59 Cal.App.3d 117, 124 [Insurance Code section 11580.2, subdivision (f) "also enables the parties to utilize the deposition and discovery provisions of the Code of Civil Procedure [and] the superior court to have jurisdiction over those matters."].)

Appellant contends that the applicable holding in *Miranda* was dicta. We disagree. As detailed above, at issue in *Miranda* was whether the arbitrator or the court had jurisdiction to hear discovery disputes, and to issue discovery sanctions, related to the uninsured motorist arbitration. The court's analysis of the relevant statutory framework and conclusion that the superior court had jurisdiction was therefore necessary to its decision and squarely on point. (See *Fireman's Fund Ins. Co. v. Maryland Cas. Co.* (1998) 65 Cal.App.4th 1279, 1301[court must "read the language of an opinion in the light of its facts and the issues raised, in order to determine which statements of law were

13

necessary to the decision, . . . and which were general observations unnecessary to the decision," and therefore dicta].)

In any event, we find the analysis in *Miranda* persuasive. The cases cited by appellant do not disturb the conclusion that the arbitrator lacked authority to rule on appellant's discovery motion. Appellant cites *Pilimai v. Farmers Ins. Exchange Co.* (2006) 39 Cal.4th 133, 141, for example, for the general proposition that uninsured motorist arbitrations are a form of contractual arbitration governed by the California Arbitration Act. Appellant's reliance on *Berglund v. Arthroscopic & Laser Surgery Center of San Diego, L.P.* (2008) 44 Cal.4th 528 is also misplaced, as that case did not involve an uninsured motorist arbitration, but examined an arbitrator's power to enforce discovery in a contractual arbitration related to medical treatment. (*Id.* at p. 535.)

Thus, we conclude that the trial court did not err in vacating the arbitrator's award of costs of proof to appellant, as the award was in excess of the arbitrator's powers under the parties' arbitration agreement.[4] We therefore affirm, without prejudice to appellant bringing a proper motion for costs in the trial court. We express no opinion as to the outcome of any such motion.

---

[4] We do not reach respondent's alternative argument that the award should be vacated because the language of the insurance policy provides for equal division of costs and fees and therefore bars recovery of costs of proof.

14

**DISPOSITION**

The judgment is affirmed.  Respondent is entitled to its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, P. J.


ZUKIN, J.